**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE RONALD BROWN** | **Case No. 2:14-cv-2014**<br>**Judge Peter C. Economus**<br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Plaintiffs Ronald and Tanya Brown's ("Mr. and Mrs. Brown" or "the Browns") motion to withdraw pursuant to 28 U.S.C. § 157(d). (ECF No. 1.) Also pending in this action are Mr. and Mrs. Brown's second motion to withdraw (ECF No. 2); third motion to withdraw (ECF No. 5); emergency motion to impose stay (ECF No. 8); fourth motion to withdraw (ECF No. 11); fifth motion to withdraw (ECF No. 12); sixth motion to withdraw (ECF No. 13); motion for sanctions (ECF No. 14); seventh motion to withdraw (ECF No. 18); and second motion to impose stay (ECF No. 19). For the reasons that follow, the Court **DENIES** Mr. and Mrs. Brown's motion to withdraw. (ECF No. 1.) The Court further **DENIES AS MOOT** all other pending motions in this action.

**I.     Background**

In 2008, the Browns were named as defendants in a state foreclosure action in the Delaware County Court of Common Pleas. *See* Case No. 08–CVE–12–1598. The Browns attempted to remove the foreclosure case to this Court multiple times. This Court remanded the action to the state court. As a result of the foreclosure action, the Browns filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio. *See* Case No. 2:11-bk-60762. The Browns also initiated two adversary proceedings at the bankruptcy court. *See* Case No. 12-AP-2059 ("Adversary Proceeding One); Case No. 13-AP-2155 (Adversary Proceeding Two). The Bankruptcy Court dismissed both adversary proceedings. The Browns have exhausted

all possible remedies at the Bankruptcy Court. Therefore, the Browns now seek withdrawal of the bankruptcy references to this Court pursuant to 28 U.S.C. § 157(d).

## II. Standard of Review

Cases that arise "under the Bankruptcy Act and Title 11 of the United States Code," or that are "related to a case under the Bankruptcy Act and Title 11 of the United States Code," are referred to the Bankruptcy Court in accordance with and under this Court's General Order of Reference to the bankruptcy courts. *See* U.S.Dist. Ct. R. S. D. Ohio, General Order No. 05–02. In certain circumstances, a district can "on its own motion or on timely motion of any party" withdraw a reference to the bankruptcy courts. 28 U.S.C. § 157(d).

There are two types of withdrawal—mandatory and permissive. Section 157(d) mandates that a district court withdraw a reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Section 157(d) of the Bankruptcy Code permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "The moving party bears the burden of demonstrating that the reference should be withdrawn." *In re Inkstop, Inc.*, No. 1:12MC04, 2012 WL 300626, at *1 (N.D. Ohio Jan. 31, 2012) (citing *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996)).

## III. Analysis

The Court now turns to Mr. and Mrs. Brown's motion to withdraw. The Browns ask this Court to withdraw Adversary Proceeding One, and Adversary Proceeding Two. The Browns contend that this Court should grant their motion to withdrawal because the adversary proceedings require "consideration of both title 11 and other laws of the United States regulating

organizations or activities affecting interstate commerce." (ECF No. 1 at 2.) Mr. and Mrs. Brown's argument is not well taken.

As a preliminary matter, the Court notes that Mr. and Mrs. Brown's motion is not timely. "Courts have generally defined timely as 'as soon as possible after the moving party is aware of grounds for withdrawal of reference' or as 'at the first reasonable opportunity after the moving party is aware of grounds for withdrawal of reference.'" *In re Black Diamond Min. Co., LLC*, No. CIV.A. 10-84-KKC, 2010 WL 5173271, at *1 (E.D. Ky. Dec. 14, 2010) (quoting *In re Mahlman*, 149 B.R. 866, 869 (N.D. Ill. 1993)). "The reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics." *Id*. The Browns waited years to file their motion to withdraw. The Browns filed Adversary Proceeding One on February 9, 2012, and Adversary Proceeding Two on May 17, 2013. The Browns filed the instant action on October 21, 2014. (ECF No. 1.) Moreover, the Browns have already attempted to withdraw both adversary proceedings. *See Brown v. Florida Coastal Partners, LLC*, No. 2:13-CV-1225, 2014 WL 2169561 (S.D. Ohio May 23, 2014). The Court finds that the Browns motion is simply an attempt to forum shop, stall, and otherwise engage in obstructionist tactics.

Even if the Court were to look past this procedural defect, the Court finds that in Mr. and Mrs. Brown's motion is without merit. A court "considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Orion Pictures Corp.*, 4 F.3d at 1101. Under Section 157(b)(1), bankruptcy judges may hear and enter final judgments in bankruptcy proceedings referred to it by the district court in certain proceedings that are "core" to the bankruptcy matter. "If all parties 'consent,' the statute permits the bankruptcy judge 'to hear and

determine and to enter appropriate orders and judgments' as if the proceeding were core. § 157(c)(2)." *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014).

In both Adversary Proceeding One and Adversary Proceeding Two, the Complaint alleges that it "is a core proceeding as defined at 28 U.S.C. § 157(a) [ & ] (b)(1) in that it is an action to determine whether the assignment of the Plaintiffs['] property during the automatic stay is void and the property should returned [sic] back to the Debtor. To the extent this proceeding is determined to be a non-core proceeding, Plaintiff consents to the entry of final orders or judgment by the bankruptcy court." *See* Case No. 2:13–AP–02155, Am. Compl. at ¶ 3; Case No. 2:12-AP-2059. Therefore, the Court finds no reason for mandatory withdrawal of the reference.

Moving to the issue of permissive withdrawal, the Browns cite to no "cause" for permissive withdrawal in their motion. The Bankruptcy Code does not define cause. Consequently, the courts have developed a non-exhaustive list of factors to consider in determining whether cause exists. These factors include promoting judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core. *In re Inkstop, Inc.*, No. 1:12MC04, 2012 WL 300626, at *1 (N.D. Ohio Jan. 31, 2012) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101–02 (2d Cir. 1993); *In re O'Neal*, No. 5:08–MC–00043, 2008 WL 3932153, at *2–3 (N.D. Ohio Aug.20, 2008)). Each of these goals would be best served by leaving these proceedings in bankruptcy court. Withdrawal at this point would only further draw out and delay the proceedings. Accordingly, the Court finds no cause for withdrawing the reference in this case.

**IV.     Conclusion**

For the reasons discussed above, the Court hereby **DENIES** Mr. and Mrs. Brown's motion to withdraw. (ECF No. 1.) The Court further **DENIES AS MOOT** Mr. and Mrs. Brown's second motion to withdraw (ECF No. 2); third motion to withdraw (ECF No. 5); emergency motion to impose stay (ECF No. 8); fourth motion to withdraw (ECF No. 11); fifth motion to withdraw (ECF No. 12); sixth motion to withdraw (ECF No. 13); motion for sanctions (ECF No. 14); seventh motion to withdraw (ECF No. 18); and second motion to impose stay (ECF No. 19).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE